The Honorable Tana Lin

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

AUSTIN HITCH, DIANA GARCIA-MOZQUEDA, MARK SIMONEAU, and HENRY SOK individually and on behalf of all others similarly situated,

Plaintiff,

v.

CELLCO PARTNERSHIP, a foreign general partnership doing business as VERIZON WIRELESS; SEATTLE SMSA LIMITED PARTNERSHIP, a foreign limited partnership doing business as VERIZON WIRELESS; VERIZON COMMUNICATIONS INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,

Defendants.

No. 2:25-cv-01469-TL

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

NOTE ON MOTION CALENDAR:
August 14, 2026

**PAGE INTENTIONALLY LEFT BLANK**

MOTION FOR CLASS CERTIFICATION - 1

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

TABLE OF CONTENTS

INTRODUCTION.................................................................................................................7

LEGAL BACKGROUND OF CHAPTER 49.62 RCW .....................................................7

STATEMENT OF FACTS....................................................................................................9

    A.    **Verizon's Business Operations** .............................................................................9

    B.    **All Verizon employees are uniformly subject to and required to abide by Verizon's Code of Conduct, including its prohibition on competition.** ........10

    C.    **Plaintiffs Hitch, Garcia-Mozqueda, Simoneau, and the Proposed Class**.....13

STATEMENT OF ISSUES ................................................................................................14

AUTHORITY ....................................................................................................................14

    I.    **Legal Standard**...................................................................................................14

    II.    **Rule 23(a)'s requirements are satisfied.** .........................................................15

        A.    The class is sufficiently numerous. .............................................................15

        B.    There exist common questions of law and fact............................................16

        C.    Plaintiffs' claims are typical of those of the class.......................................17

        D.    Plaintiffs and their counsel are adequate representatives. ..........................18

    III.    **Rule 23(b)(3)'s requirements are satisfied.** ...................................................20

        A.    Predominance is satisfied.............................................................................20

        B.    Superiority is satisfied..................................................................................21

CONCLUSION ..................................................................................................................23

MOTION FOR CLASS CERTIFICATION - 2

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## TABLE OF AUTHORITIES

CASES

*Burns v. Amazon.com Services LLC*,
No. 24-2-22574-9 (King Cnty. Super. Ct. May 27, 2025) ....................................................8, 22

*Byorth v. USAA Cas. Ins. Co.*,
333 F.R.D. 519, 528 (D. Mont. 2019) .......................................................................................17

*Cain v. Alaska Airlines, Inc.*,
No. 25-2-19440-0 (King Cnty. Super. Ct. Oct. 31, 2025) ..........................................................22

*Chavez v. Our Lady of Lourdes Hosp. at Pasco*,
190 Wn.2d 507, 525 n.18, 415 P.3d 224 (2018)........................................................................24

*Cole v. Verity Credit Union*,
No. 24-2-18460-1 (King Cnty. Super. Ct. Apr. 18, 2025)..........................................................21

*David v. Freedom Vans, LLC*,
4 Wn.3d 242, 244 (2025)...............................................................................................7, 8, 21

*Drinkwitz v. Alliant Techsystems, Inc.*,
140 Wn.2d 291, 300 (2000)...........................................................................................................6

*DZ Rsrv. v. Meta Platforms, Inc.*,
96 F.4th 1223, 1234 (9th Cir. 2024).........................................................................................25

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970, 984 (9th Cir. 2011) .......................................................................................19, 20

*Espinosa v. Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)*,
926 F.3d 539, 566 (9th Cir. 2019) ..........................................................................................20

*Garner. v. Lowe's Home Ctrs., Ltd. Liab. Co.*,
No. 2:25-cv-1592-BJR, 2026 U.S. Dist. LEXIS 42345 (W.D. Wash. Mar. 2, 2026) ..............22

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011, 1020 (9th Cir. 1998) .........................................................................................20

*Harik v. Cal. Teachers Ass'n*,
326 F.3d 1042, 1051-52 (9th Cir. 2003)....................................................................................17

*Harris v. Palm Springs Alpine Ests., Inc.*,
329 F.2d 909, 913-14 (9th Cir. 1964)........................................................................................17

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

*Jens v. Tori Belle Cosmetics, LLC,*
No. 22-2-06641-5 SEA (King Cnty. Super. Ct. Oct. 31, 2022) ........................................... 8, 22

*Johnson v. City of Grants Pass,*
50 F.4th 787, 803 (9th Cir. 2022) ......................................................................................... 17

*Just Film, Inc. v. Buono,*
847 F.3d 1108, 1117 (9th Cir. 2017) ........................................................................... 19, 24, 25

*Lange v. Delta Air Lines, Inc.,*
No. 2:25-cv-01484-RAJ (W.D. Wash. June 9, 2026) ............................................................. 21

*Lerwill v. Inflight Motion Pictures, Inc.,*
582 F.2d 507, 512 (9th Cir. 1978) ......................................................................................... 24

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,*
31 F.4th 651, 667 (9th Cir. 2022) ......................................................................................... 16

*Owino v. Corecivic, Inc.,*
60 F.4th 437, 443 (9th Cir. 2022) ......................................................................................... 16

*Parsons v. Ryan,*
754 F.3d 657, 685 (9th Cir. 2014) ......................................................................................... 19

*Powers v. McDonough,*
163 F.4th 1162, 1184-85 (9th Cir. 2025) ........................................................................... 18, 19

*Rannis v. Recchia,*
380 F. App'x 646, 651 (9th Cir. 2010) ................................................................................... 17

*Reichert v. Keefe Commissary Network, L.L.C.,*
331 F.R.D. 541, 556 (W.D. Wash. 2019) ............................................................................... 24

*Satter v. Maverick Gaming LLC,*
No. 24-2-24739 (King Cnty. Super. Ct. May 30, 2025) ......................................................... 21

*Stevens v. Costco Wholesale Corp.,*
No. 25-2-17717-3 (King Cnty. Super Ct. Dec. 12, 2025) ............................................... 8, 21, 22

*Tyson Foods, Inc. v. Bouaphakeo,*
577 U.S. 442, 453 (2016) ....................................................................................................... 22

*Vaquero v. Ashley Furniture Indus., Inc.,*
824 F.3d 1150, 1155 (9th Cir. 2016) ..................................................................................... 23

MOTION FOR CLASS CERTIFICATION - 4

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338, 350 (2011) ............................................................................................18

*White v. Symetra Assigned Bens. Serv.*,
  104 F.4th 1182, 1192 (9th Cir. 2024) .........................................................................16

*Zinser v. Accufix Research Inst., Inc.*,
  253 F.3d 1180, 1190 (9th Cir. 2001) ......................................................................24, 25

**STATUTES**

Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d) .........................................................17

FED. R. CIV. P. (b)(3)(A)-(D) ...................................................................................................24

FED. R. CIV. P. 23 (g)(1)(A)(i)–(iv)..........................................................................................21

FED. R. CIV. P. 23(a)(3) ............................................................................................................19

FED. R. CIV. P. 23(a)(4)............................................................................................................20

FED. R. CIV. P. 23(b)(3) .......................................................................................................22, 23

FED. R. CIV. P. 23(g)(1)(B) ......................................................................................................21

RCW 49.62.005 .................................................................................................................... 7, 8

RCW 49.62.010 ......................................................................................................................18

RCW 49.62.070 .............................................................................. 6, 7, 18, 20, 21, 23

RCW 49.62.080 ............................................................................................... 19, 23, 24

RCW 49.62.110 ........................................................................................................................8

**LEGISLATIVE MATERIALS**

ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019) ..................................8

MOTION FOR CLASS CERTIFICATION - 5

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

OTHER AUTHORITIES

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1779 at 557 (2d ed. 1986)................................................................................22

*Form 10-K for Verizon Communications Inc.*, U.S. SEC. & EXCH. COMM'N at 1 (Feb. 17, 2026), https://www.verizon.com/about/sites/default/files/2025-Annual-Report-on-Form-10k.pdf......9

MOTION FOR CLASS CERTIFICATION - 6

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**INTRODUCTION**

In Washington, employers who pay their employees less than twice the applicable state minimum hourly wage cannot exercise unfettered control over where those employees work in their free time. Despite this, Defendants Cellco Partnership, Seattle SMSA Limited Partnership, and Verizon Communications Inc. (collectively, "Defendants" or "Verizon") prohibited approximately 936 low wage Washington employees from holding a second job in their industry or providing any kind of assistance to competitors while paying them an unlivable wage. To remedy Verizon's systemic violation of the Washington Noncompetition Covenants Act ("WNCA"), RCW 49.62.070, Plaintiffs Austin Hitch ("Hitch"), Diana Garcia-Mozqueda ("Garcia-Mozqueda"), and Mark Simoneau ("Simoneau") (collectively, "Plaintiffs") ask this Court to certify a class defined as:

> All current and former employees of Cellco Partnership, Seattle SMSA Limited Partnership, and Verizon Communications Inc., who worked in Washington and earned less than twice the applicable state minimum hourly wage from July 2, 2022, through the date notice is provided to the class.

Certification is warranted because Plaintiffs and all class members were subject to identical outside employment restrictions and noncompetition covenants. Accordingly, the Court should grant class certification, appoint Plaintiffs as class representative, appoint their counsel as class counsel, and order that notice be issued to the class pursuant to Federal Rule of Civil Procedure ("Rule") 23(c).

**LEGAL BACKGROUND OF CHAPTER 49.62 RCW**

Washington has a proud and robust history of "being a pioneer in the protection of employee rights." *Drinkwitz v. Alliant Techsystems, Inc.*, 140 Wn.2d 291, 300 (2000). Our state is a trailblazer in providing strong, innovative statutory protections to workers, including the WNCA, which prohibits employers from imposing noncompetition covenants and other outside employment restrictions on low wage workers. The WNCA is a quintessential example of Washington's leadership in advancing and safeguarding the dignity of its workers.

MOTION FOR CLASS CERTIFICATION - 7

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

RCW 49.62.070, the outside employment provision of the WNCA, makes it unlawful for employers who pay their employees less than twice the state minimum hourly wage to "prohibit them from working second jobs, subject to a few limited exceptions." *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244 (2025). The Legislature enacted RCW 49.62.070 "to promote workforce mobility and safeguard employees from unfair practices." *Id*. at 248 (citing RCW 49.62.005). Specifically, it sought to shield "low wage workers from unfair restrictions on additional employment." *Id*. at 245. In so doing, the Legislature recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *Id*. at 244, 253. Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure supplemental employment within their industry." *Id*. at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).

The Washington Supreme Court, in interpreting RCW 49.62.070, reaffirmed the Legislature's intent to protect low wage workers by holding that it is unlawful for an employer to impose the type of restriction, restraint, or prohibition on additional employment that Verizon imposed on its employees. *See id*. at 244. It confirmed that any type of restriction, restraint, or prohibition on a low wage workers' freedom to have additional employment is presumptively unlawful. *Id*. at 250.

An employer's defense for imposing a restriction, restraint, or prohibition on additional employment with a competitor is exceedingly limited, requiring the employer prove the restriction, restraint, or prohibition is narrowly tailored and necessary under a narrow construction of the duty of loyalty. *Id*. at 250. Nevertheless, the Washington Supreme Court articulated a bright-line rule: under RCW 49.62.070, employers are prohibited from broadly restricting, restraining, or prohibiting low wage workers from providing any kind of assistance to competitors. *Id*. at 254.

Further, the Court repeatedly highlighted the importance of applying RCW 49.62.070's twice mandated liberal construction requirement, instructing courts to liberally construe the

MOTION FOR CLASS CERTIFICATION - 8

No. 2:25-cv-01469-TL

statute in favor of safeguarding employees from such unfair practices. *See* RCW 49.62.005(3) ("The provisions in this chapter facilitating workforce mobility and protecting employees and independent contractors need to be liberally construed and exceptions narrowly construed."); RCW 49.62.110 ("This chapter is an exercise of the state's policy power and shall be construed liberally for the accomplishment of its purposes."); *Freedom Vans*, 4 Wn.3d at 245, 247, 248-50 (applying liberal construction to RCW 49.62.070).

Finally, since the WNCA was enacted, courts across Washington state have repeatedly certified classes in cases involving similar or identical WNCA claims. *See* Order Granting Class Cert., *Jens v. Tori Belle Cosmetics, LLC,* No. 22-2-06641-5 SEA (King Cnty. Super. Ct. Oct. 31, 2022) (certifying class of approximately 2,000 workers); Order Granting Class Cert., *Burns v. Amazon.com Services LLC*, No. 24-2-22574-9 SEA (King Cnty. Super. Ct. May 27, 2025) (certifying class of over 130,000 workers); Order Granting Class Cert., *Stevens v. Costco Wholesale Corp.*, No. 25-2-17717-3 SEA (King Cnty. Super Ct. Dec. 12, 2025) (certifying class of over 30,000 workers).

**STATEMENT OF FACTS**

**A. Verizon's Business Operations**

Verizon and its subsidiaries together form "one of the world's leading providers of communications, technology, information and streaming products and services to consumers, businesses and government entities." *Form 10-K for Verizon Communications Inc.*, U.S. SEC. & EXCH. COMM'N at 1 (Feb. 17, 2026), https://www.verizon.com/about/sites/default/files/2025-Annual-Report-on-Form-10k.pdf ("Form 10-K"). "The telecommunications industry is highly competitive," and Verizon competes with a variety of "cable companies, wireless service providers, domestic and foreign telecommunications providers, satellite television companies, low Earth orbit satellite companies, internet service providers, OTT providers, other internet portal providers and other companies that offer network services and managed enterprise solutions," including AT&T and T-Mobile. *Id*. at 7. Verizon also purports to compete "in a variety

MOTION FOR CLASS CERTIFICATION - 9

No. 2:25-cv-01469-TL

of markets including finance and healthcare." Decl. of Timothy W. Emery ISO Pl.'s Mot. for Class Cert. Ex. H at 140 ("Emery Decl.").

Verizon also competes for labor. Verizon must "recruit and retain" large numbers of "skill[ed]" and "experience[d]" workers "to meet the needs of the customers and communities [it] serve[s]." Form 10-K at 9. But "additional costs" from wage pressure and growing union membership "could [also] adversely affect its business operations." *Id*. at 14. Rather than retain store and entry level employees with competitive wages and benefits, Verizon utilizes sweeping noncompetition covenants and threats of termination to maintain its labor monopoly. *See* Emery Decl. Exs. B-M.

**B. All Verizon employees are uniformly subject to and required to abide by Verizon's Code of Conduct, including its prohibition on competition.**

As a condition of employment, Verizon subjects all its employees, regardless of role or income, to its Code of Conduct ("Code"). Verizon provides the Code to all employees upon hire. Decl. of Austin Hitch ¶ 6 ("Hitch Decl."); Decl. of Diana Garcia-Mozqueda ¶ 5 ("Garcia-Mozqueda Decl."); Decl. of Mark Simoneau ¶ 5 ("Simoneau Decl."). As Verizon updates the Code, it provides an updated copy to all employees. Emery Decl. Ex. A at 27 (Rule 30(b)(6) deposition transcript of Senior Director of Verizon Ethics and Associate General Counsel, Glen Spoviero ("30(b)(6) Dep.")). Verizon also requires its employees to undergo periodic trainings on the Code. Hitch Decl. ¶ 10; Garcia-Mozqueda Decl. ¶ 7. The relevant portions of Verizon's code remained materially identical throughout the class period. *Compare* Emery Decl. Ex. B (2021 Code of Conduct), *with* Ex. C (April 2023 Code of Conduct), *and* Ex. D (July 2023 Code of Conduct), *and* Ex. E (October 2023 Code of Conduct), Ex. F (November 2024 Code of Conduct); 30(b)(6) Dep at 56 ("Other editions that you've seen after that have been very small tweaks. . . . substantively, especially in outside employment, I'm fairly certain there was zero changes.").

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Verizon's Code "reinforces how [Verizon employees] must manage [their] relationships and business." Emery Decl. Ex. B at 99, Ex. C at 106, Ex. D at 113, Ex. E at 120, Ex. F at 127. It advises Verizon employees that they are required to abide by the policies within the Code:

> **You must follow** the law, **the Code of Conduct**, and all Verizon policies and guidelines. **You can't violate any of these rules for any reason**, even if you are instructed to do so by a supervisor. **Violations of this Code**, or any other Verizon policy, **can lead to discipline up to and including termination of employment**.

Emery Decl. Ex. F at 128 (emphasis added), Ex. B at 100, Ex. C at 107, Ex. D at 114, Ex. E at 121. Indeed, all Verizon employees "are required to comply with this Code as a condition of continued employment." Emery Decl. Ex. F at 129, Ex. B at 101, Ex. C at 108, Ex. D at 115, Ex. E at 122, Ex. G at 134 ("An employee is responsible for . . . Complying with Verizon's Code of Conduct and all company policies."). Verizon's Senior Director of Verizon Ethics similarly testified that "[t]he principles in the code of conduct are guidelines that we expect *all* of our employees to follow." 30(b)(6) Dep. at 20 (emphasis added). He also testified that Verizon intentionally "left [its] [C]ode broad enough where it applies to everybody." *Id*. at 31.

A "[v]iolation of the Verizon Code of Conduct," including its "[c]onflicts of interest" policy, is a "[t]ype[] of behavior and conduct violation[] that may result in immediate corrective action, up to and including termination of employment." Emery Decl. Ex. G at 133-34. "Termination of employment is very often warranted for conduct violations." *Id.* Whereas, "[p]rogressive corrective action steps are generally not applied to conduct violations because of the serious nature of such violations and because further incidents will not be tolerated." *Id.*

Verizon's Code expressly and categorically prohibits outside employment with any Verizon competitor:

**Outside Employment**

*You may not*—with or without compensation— be self-employed or employed by, consult with, own, perform services for, or aid:

- a company or organization (including a charitable organization) that is a vendor, supplier, partner, contractor, subcontractor, *or competitor* of Verizon; *or*

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

- *a company that provides services that are provided by Verizon, or that Verizon is seeking to provide.*

Emery Decl. Ex. F at 131, Ex. C at 110, Ex. D at 117, Ex. E at 124, Ex. B at 103 (emphasis added). It states: "Outside work must not interfere with your work for Verizon *or have any connection to the company.*" Emery Decl. Ex. F at 131, Ex. C at 110, Ex. D at 117, Ex. E at 124 (emphasis added).

Verizon requires its employees to undergo training on the policies within the Code. 30(b)(6) Dep. at 21, 58-60. In these trainings, Verizon unequivocally states that Verizon employees can "*never . . .* [d]o work for Verizon's competitors or partners while employed by Verizon." Emery Decl. Ex. I at 142 (2025 Code of Conduct: Integrity Always Matters Training) (emphasis added). Verizon's trainings further provide: "While employed by Verizon, you can't work for any organization that is a vendor, supplier, contractor, or competitor of Verizon." Emery Decl. Ex. J at 146 (2021 Code of Conduct: Integrity Training), Ex. K at 149, Ex. H at 138. And "[w]hile employed by Verizon, you can't work for any organization that provides products or services that Verizon provides or that Verizon is seeking to provide." *Id.* "Verizon does not allow employees to have side gigs that compete with products or services offered by Verizon -- whether the work is paid or unpaid." Emery Decl. Ex. H at 140, Ex. L at 154.

In its trainings, Verizon poses hypothetical examples to test its employees' understanding of its prohibition on competitive employment. Verizon asks its employees whether a Verizon engineer who works in cloud security can provide consulting services to a competitor even where the job "does not involve cloud computing or have any relation to [the employees'] Verizon job responsibilities." Emery Decl. Ex. L at 151-54 (2022 Code of Conduct: Privacy, Information Security and More Training). Verizon's "Code does not permit employees to work for competitors, even if the exact nature of their service for the competitor does not touch their Verizon work responsibilities." *Id.* Because the company is "a competitor in the prepaid phone space," the answer is "[n]o, he cannot work for a competitor." *Id.*; *see also* 30(b)(6) Dep. at 48

MOTION FOR CLASS CERTIFICATION - 12

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

(testifying that if "a retail employee selling phones for Verizon want[ed] to go across the street and sell phones at AT&T" it "would find [that] problematic").

At the end of these trainings, Verizon employees are typically required to "acknowledge that [they] have reviewed and will adhere to the Code of Conduct." Emery Decl. Ex. M at 156-57. They must attest that they "have carefully reviewed and understand the Code of Conduct. . . . [and] understand that [their] failure to abide by the Code of Conduct may result in corrective action, up to and including termination of employment from the company." *Id.*

## C.  Plaintiffs Hitch, Garcia-Mozqueda, Simoneau, and the Proposed Class

Plaintiff Austin Hitch has worked for Verizon since October 2013 in its Washington retail stores. Hitch Decl. ¶ 3. He was hired as a Retail Sales Representative and later became a Retail Specialist. *Id.* ¶ 4. During the class period, Hitch's hourly wage rate was less than twice the state minimum hourly wage. *Id.* ¶ 5; *see also* Decl. of Expert Aaron Mitchell for Hitch ¶¶ 17, 23 ("Mitchell Hitch Decl."). When Hitch was hired, Verizon provided him a copy of its Code of Conduct. Hitch Decl. ¶ 6. Hitch understood that he was required to comply with the policies within the Code as a condition of employment with Verizon. *Id.* ¶ 7. Hitch, like all Verizon employees, had to complete trainings on the policies within the Code. *Id.* ¶ 10. Verizon's prohibition discouraged him from taking a second job within his industry. *Id.* ¶ 11.

Plaintiff Diana Garcia-Mozqueda worked for Verizon from August 2021 to August 2025 as a Retail Sales Representative in its Washington retail stores. Garcia-Mozqueda Decl. ¶ 3. During the class period, Garcia-Mozqueda's hourly wage rate was less than twice the state minimum hourly wage. *Id.* ¶ 4; *see also* Decl. of Expert Aaron Mitchell for Garcia-Mozqueda ¶¶ 17, 23 ("Mitchell Garcia-Mozqueda Decl."). Upon hire, Verizon provided Garcia-Mozqueda a copy of its Code of Conduct. Garcia-Mozqueda Decl. ¶ 5. She was warned by veteran Verizon employees that Verizon had a zero-tolerance policy toward employees working for competitors. *Id.* ¶ 8. Garcia-Mozqueda regularly had to complete trainings about Verizon's employment policies in its Code. *Id.* ¶ 7. Verizon's restrictions deterred her from seeking work in her industry while she worked for Verizon. *Id.* ¶ 10.

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Plaintiff Mark Simoneau worked for Verizon from June 2021 to August 2024 as an Associate and later an Assistant Manager in its retail stores in Washington. Simoneau Decl. ¶ 3. During the class period, Simoneau's hourly rate was less than twice the state minimum hourly wage. *Id.* ¶ 4; Decl. of Expert Aaron Mitchell for Simoneau ¶¶ 17, 23 ("Mitchell Simoneau Decl."). When he was hired, Verizon provided Simoneau a copy of its Code of Conduct. Simoneau Decl. ¶ 5. Simoneau understood that he was required to comply with the policies within the Code as a condition of employment. *Id.* ¶ 6. He further understood that Verizon would fire him if he tried to work in his industry. *Id.* ¶ 8. Verizon's restriction on competitive outside employment discouraged him from taking a second job with a competitor despite not earning enough to comfortably make ends meet. *Id.* ¶¶ 9-10.

Plaintiffs' experiences reflect those of hundreds of class members. During the class period, Verizon subjected over 900 low wage earners to its categorical prohibition on competition. *See* Notice of Removal at 7:4-8, 9:10-11, ECF No. 1. All class members were required to abide by Verizon's prohibition on outside work with a competitor as a condition of employment and subject to termination. *See generally* Emery Decl. Exs. B-L.

## STATEMENT OF ISSUES

The following issues are presented for resolution by the Court:

1.    Whether the Court should certify this class action where the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a) are satisfied?

2.    Whether the Court should certify this class action where the predominance and superiority requirements of Rule 23(b)(3) are satisfied?

## AUTHORITY

### I.    Legal Standard

When determining whether to certify a class, the Court must consider whether the requirements of Rule 23(a) are met and whether the class satisfies one of the subparts of Rule 23(b). *Owino v. Corecivic, Inc.*, 60 F.4th 437, 443 (9th Cir. 2022). Plaintiffs, as the party seeking class certification, must affirmatively demonstrate compliance with Rule 23 by a preponderance

MOTION FOR CLASS CERTIFICATION - 14

No. 2:25-cv-01469-TL

of the evidence. *White v. Symetra Assigned Bens. Serv.*, 104 F.4th 1182, 1192 (9th Cir. 2024). While the Court must conduct a "rigorous analysis," it may not consider merits questions unless they are relevant to determining whether CR 23's requirements for class certification are satisfied. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 667 (9th Cir. 2022). Further, the Ninth Circuit reviews a "district court's decision granting class certification with more deference than we would a denial of class certification." *White*, 104 F.4th at 1191. In this case, the proposed class meets all the requirements of Rule 23(a) and (b).

**II.    Rule 23(a)'s requirements are satisfied.**

Plaintiffs satisfy the requirements of Rule 23(a), which require a showing that (1) the class is so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of representative parties are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the absent class members. *Olean Wholesale*, 31 F.4th at 663 n.4 (citing FED. R. CIV. P. 23(a)).

A. <u>The class is sufficiently numerous.</u>

To satisfy numerosity, a class must be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "[I]mpracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Johnson v. City of Grants Pass*, 50 F.4th 787, 803 (9th Cir. 2022) (quoting *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)) (quotation omitted). While there is no specific number of class members required, classes of more than sixty are considered sufficiently large. *See Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051-52 (9th Cir. 2003).

Verizon cannot reasonably dispute numerosity. In removing this action from King County Superior Court, it represented that removal under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), was appropriate because the class contains at least 100 members and more than $5,000,000 is in controversy. *See* Notice of Removal at 5-9. To satisfy these requirements, Verizon admitted that "between July 2, 2022 and June 8, 2025 Cellco Partnership employs or has employed approximately 936 individuals who worked as non-exempt employees in the State of

MOTION FOR CLASS CERTIFICATION - 15

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Washington and who earned less than" twice the applicable state hourly minimum wage. Decl. of Johnnie Harris II ISO Def.'s Notice of Removal ¶ 2, ECF No. 4. Accordingly, by Verizon's own estimation, the proposed class is sufficiently numerous such that joinder of all members would be impractical. *See Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members."); *see Byorth v. USAA Cas. Ins. Co.*, 333 F.R.D. 519, 528 (D. Mont. 2019) (finding representations that case qualified for removal under CAFA are sufficient evidence to support numerosity).

B. There exist common questions of law and fact.

Under Rule 23(a)(2)'s commonality requirement, Plaintiffs must demonstrate "there are questions of law or fact common to the class." This requirement "is satisfied when class members' claims 'depend upon a common contention . . . of such a nature that is capable of class-wide resolution.'" *Powers v. McDonough*, 163 F.4th 1162, 1184-85 (9th Cir. 2025) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "Commonality does not require that every question in the case, or even a preponderance of questions, is capable of class-wide resolution. So long as there is even a single common question, a would-be class can satisfy the commonality requirement." *Id*. at 1185 (internal quotations omitted). The Ninth Circuit has held that the commonality requirement is satisfied where, like here, "the lawsuit challenges a system wide practice or policy that affects all of the putative class members." *Id*.

Commonality is easily satisfied here. The claims of Plaintiffs and the class hinge on Verizon's policy and practice of uniformly subjecting all Washington employees earning less than twice the applicable state minimum hourly wage to an identical restriction on outside employment. The common questions raised in this case are "capable of classwide resolution" because they will "generate common answers." *See Wal-Mart Stores, Inc.*, 564 U.S. at 350. Common questions include: (1) whether Verizon's Code of Conduct contains a restriction, restraint, or prohibition on "having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed" under RCW 49.62.070(1); (2) whether Verizon is an "employer" as defined by RCW 49.62.010; (3) whether

MOTION FOR CLASS CERTIFICATION - 16

No. 2:25-cv-01469-TL

class members are "employees" as defined by RCW 49.62.010; (4) whether class members earned less than twice the applicable state minimum hourly wage; and (5) whether class members were "aggrieved" as a result of being bound to Verizon's prohibition on competition such that they are entitled to the relief set forth in RCW 49.62.080. Because class members suffered a "similar harm" from Verizon's "system-wide practice or policy" of subjecting them to illegal restrictions on outside employment, commonality is met. *See Powers*, 163 F.4th at 1185.

C. Plaintiffs' claims are typical of those of the class.

To demonstrate typicality, Plaintiffs must establish that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). A representative's claims are typical "if they are reasonably co-extensive with those of absent class members." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Notably, "they need not be substantially identical." *Id.* Put another way, typicality asks "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011); *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1117 (9th Cir. 2017) (affirming certification where plaintiff's claims were typical because they were based on the "*same* overall course of misconduct against other members of the class" (emphasis in original)). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Ellis*, 657 F.3d at 984.

Plaintiffs' claims are typical of those of each and every class member. They seek to represent a class of Washington employees earning less than twice the applicable state minimum hourly wage who, like them, were subjected to the same Code of Conduct containing identical categorical prohibitions on competition. *See supra* Section B. They were all subject to these prohibitions as a condition of employment and under threat of termination. *Id.* As a result, Plaintiffs and each class member suffered similar harms recognized by the Washington Legislature due to Verizon's same course of conduct. *See Parsons*, 754 F.3d at 685.

MOTION FOR CLASS CERTIFICATION - 17

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

D.  Plaintiffs and their counsel are adequate representatives.

To satisfy the adequacy requirement, Plaintiffs must show they will "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This inquiry requires that the Court "resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)); *Espinosa v. Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)*, 926 F.3d 539, 566 (9th Cir. 2019).  Adequacy "depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Ellis*, 657 F.3d at 985. Plaintiffs and their counsel satisfy this requirement.

Neither Plaintiffs nor their counsel have any conflicts of interest with any class member. *See* Simoneau Decl. at 2-3; Hitch Decl. at 2-3; Garcia-Mozqueda Decl. at 2-3; Emery Decl. at 9-10. Rather, their interests are aligned. *Id*. They seek to vigorously prosecute Verizon's systemic violation of RCW 49.62.070 on behalf of all current and former employees whose civil rights were violated. *Id*.

Plaintiffs have demonstrated their commitment to diligently prosecuting this action by providing information and documents relevant to their claims and working with counsel to advance the litigation on behalf of all members of the proposed class. Simoneau Decl. at 2-3; Hitch Decl. at 2-3; Garcia-Mozqueda Decl. at 2-3; Emery Decl. at 9-10. They have responded to Defendants' discovery requests and prepared for depositions. *Id*. They remain ready, willing, and able to provide more information, as required, including representing the class at trial. *Id*. As Washington-based workers, Plaintiffs have a vested interest in ensuring that his civil rights and the rights of others are not violated.

Moreover, Plaintiffs have retained competent, experienced, and qualified counsel. Rule 23(g) sets forth the considerations for appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling

MOTION FOR CLASS CERTIFICATION - 18

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23 (g)(1)(A)(i)–(iv). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B).

Plaintiffs' counsel has performed significant work identifying and investigating potential claims in this action. Emery Decl. ¶¶ 25-30. And counsel has extensive experience litigating class actions, including handling class actions involving the same or similar claims asserted here. Emery Decl. at 2-9; *see* Order Granting Interim Class Counsel, *Alfred v. Fed. Express Corp.*, No. 2:25-cv-1769-JNW, 2026 U.S. Dist. LEXIS 10189 (W.D. Wash. Jan. 20, 2026); Order Appointing Interim Lead Class Counsel, *Lange v. Delta Air Lines, Inc.*, No. 2:25-cv-01484-RAJ (W.D. Wash. June 9, 2026). Indeed, counsel was lead counsel in the seminal Washington Supreme Court case *David v. Freedom Vans*, 4 Wn.3d 242, 562 P.3d 351 (2025), which involved a claim for violations of the same statute at issue in this case, RCW 49.62.070. *Freedom Vans* was the first case to interpret Washington's noncompete prohibition under RCW 49.62.070. And counsel successfully advocated for low wage workers' right to be free from unreasonable employer-imposed restrictions on their job mobility.

Counsel continues to achieve excellent results for classes of Washington workers in noncompete cases and has been appointed counsel in multiple noncompete cases where certification was contested. *See, e.g.*, Order Granting Class Cert., *Stevens v. Costco Wholesale Corp.*, No. 25-2-17717-3 SEA (King Cnty. Super Ct. Dec. 12, 2025); Order Denying Defs.' Mot. to Dismiss, *Satter v. Maverick Gaming LLC*, No. 24-2-24739 (King Cnty. Super. Ct. May 30, 2025); Order Denying Def.'s Mot. for Summary J., *Cole v. Verity Credit Union*, No. 24-2-18460-1 SEA (King Cnty. Super. Ct. Apr. 18, 2025); Order Denying Def.'s Mot. to Dismiss, *Stevens v. Costco Wholesale Corp.*, No. 25-2-17717-3 SEA (King Cnty. Super. Ct. Oct. 3, 2025); Order Denying Defs.' Mot. to Dismiss, *Cain v. Alaska Airlines, Inc.*, No. 25-2-19440-0 SEA (King Cnty. Super. Ct. Oct. 31, 2025); Order Denying Defs.' Mot. for J. on the Pleadings, *Burns v.*

MOTION FOR CLASS CERTIFICATION - 19

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

*Amazon.com Services LLC*, No. 24-2-22574-9 SEA (King Cnty. Super. Ct. May 27, 2025); Order Granting Class Cert., *Burns v. Amazon.com Services LLC*, No. 24-2-22574-9 SEA (King Cnty. Super. Ct. May 27, 2025); Order Denying in Part Defs.' Mot. to Dismiss, *Garner. v. Lowe's Home Ctrs., Ltd. Liab. Co.*, No. 2:25-cv-1592-BJR, 2026 U.S. Dist. LEXIS 42345 (W.D. Wash. Mar. 2, 2026); Order Granting Class Cert., *Jens v. Tori Belle Cosmetics, LLC,* No. 22-2-06641-5 SEA (King Cnty. Super. Ct. Oct. 31, 2022); Order Granting Summ. J., *Jens v. Tori Belle Cosmetics, LLC*, No. 22-2-06641-5 SEA (King Cnty. Super. Ct. Jan. 3, 2023).

Counsel's knowledge and expertise in this area of law make them especially well-equipped to prosecute this action efficiently and effectively. Counsel's track record also confirms its dedication to devoting whatever resources are necessary to prosecute the claims of the class. The Court should appoint Plaintiffs as class representatives and Timothy W. Emery, Patrick B. Reddy, Paul Cipriani, and Hannah Hamley of Emery Reddy, PC as class counsel.

## III.    Rule 23(b)(3)'s requirements are satisfied.

In addition to satisfying all Rule 23(a) requirements, class treatment is appropriate under Rule 23(b)(3) because "questions of law and fact common" to Plaintiffs and the class "predominate over any questions affecting only individual members," and class litigation "is superior to other available methods for fairly and efficiently adjudicating the controversy" that impacts nearly a thousand low wage Washington workers. FED. R. CIV. P. 23(b)(3).

### A. Predominance is satisfied.

"The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). In assessing predominance, the Court considers the "relation between common and individual questions in a case." *Id*. While an "individual question is one where members of a proposed class will need to present evidence that varies from member to member," a "common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id*. (internal quotations omitted). "The predominance inquiry asks whether the common, aggregation-enabling, issues in

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Id.* (internal quotations omitted). Predominance is established "[w]hen one or more of the central issues in the action are common to the class and can be said to predominate." *Id.* This is true "even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Id.*

Here, class wide legal questions predominate over any individualized issues such that the predominance requirement is easily satisfied. The predominate and overriding question is whether Verizon's Code contains a restraint on outside employment in violation of Plaintiffs' and class members' rights to be free from such restraints under RCW 49.62.070. This question will be answered once without reviewing evidence unique to each class member because all 936 of them were subject to identical prohibitions on competitive employment. Additionally, because each class member is entitled to at least $5,000 in statutory damages, the damages may be calculated by a formula and performed on a class-wide basis. RCW 49.62.080(2). Nevertheless, even if the damages required some individualized inquiry, "the rule is clear: the need for individual damages calculations does not, alone, defeat class certification." *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016).

### B. Superiority is satisfied.

Rule 23(b)(3) requires that class resolution be "superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The Court must consider the following in deciding whether superiority is satisfied: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. FED. R. CIV. P. (b)(3)(A)-(D). The Court has broad discretion in making this determination. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). And here, each of these considerations weigh in favor of certification.

MOTION FOR CLASS CERTIFICATION - 21

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

The first factor—class members' interests in individually controlling prosecution—weighs in favor of certifying a class action "[w]here damages suffered by each putative class member are not large." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001). Individuals "typically will be unable to pursue their claims on an individual basis because the cost of doing so exceeds any recovery they might secure." *Id.* (quoting 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1779 at 557 (2d ed. 1986)); *Buono*, 847 F.3d at 1123 (affirming finding of superiority where the "'risks, small recovery, and relatively high costs of litigation' make it unlikely that plaintiffs would individually pursue their claims"). This is true here, where "class members' respective claims are for less than $100,000." *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 525 n.18, 415 P.3d 224 (2018); RCW 49.62.080 (providing for the greater of $5,000 in statutory damages or actual damages).

The second factor, which considers the extent and nature of litigation already commenced, also weighs in favor of certification. "This factor is intended to serve the purpose of assuring judicial economy and reducing the possibility of multiple lawsuits." *Zinser*, 253 F.3d at 1191. While at least 936 low wage Verizon workers were subject to unlawful prohibitions on competitive employment, only this action is pending against Verizon for its violation of law. *See id.*; *Reichert v. Keefe Commissary Network, L.L.C.*, 331 F.R.D. 541, 556 (W.D. Wash. 2019) (finding fact that no other plaintiffs initiated individual actions supports finding that class members do not have any particular interest in controlling the litigation).

The third factor considers the desirability of concentrating the litigation in the particular forum. It is most efficient for this Court to hear this case, which involves a Washington employer's unlawful conduct towards its Washington employees under Washington law. *Cf. Zinser*, 253 F.3d at 1192 (declining to find superiority was met where plaintiffs, witnesses, and evidence are "located across the country").

The fourth factor assesses the difficulties in managing the class action. No manageability concerns exist here. This is not a case where each class member must "litigate numerous and

MOTION FOR CLASS CERTIFICATION - 22

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

substantial separate issues to establish his or her right to recover individually." *Zinser*, 253 F.3d at 1192. To the contrary, the uniformity of the violation at issue, and Verizon's common course of conduct giving rise to the claims, make this case particularly well-suited for class treatment. *Buono*, 847 F.3d at 1123-24 (holding the "class action was superior because litigation on a classwide basis would promote greater efficiency in resolving the classes' claims"). Granting class certification will promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.

Finally, aggregating the small claims of Plaintiffs and hundreds of class members will deter Verizon from continuing the unlawful practice of restricting its low wage workers' ability to have outside employment while ensuring Verizon does not continue to benefit financially from the labor monopoly it impermissibly created. *See DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1234 (9th Cir. 2024) (acknowledging the deterrent effect of class actions in securities litigation). Without class certification, Verizon will be incentivized to continue violating the rights of its employees with impunity and without fear that its employees will be able to come together to collectively rectify Verizon's systemic violations of Washington law.

## CONCLUSION

Because the criteria for class certification under Rule 23(a) and (b)(3) are satisfied, Plaintiffs respectfully request that the Court certify the class as defined, appoint them as class representatives, appoint Timothy W. Emery, Patrick B. Reddy, Paul Cipriani, and Hannah Hamley of Emery Reddy, PC as class counsel, and order the parties to submit briefing on the form and manner of the notice program to ensure the class receives the best notice practicable.

Respectfully submitted this 30th day of June 2026.

**EMERY | REDDY, PC**

By:  */s/ Timothy W. Emery*
By:  */s/ Patrick B. Reddy*
By:  */s/ Paul Cipriani*
By:  */s/ Hannah M. Hamley*

MOTION FOR CLASS CERTIFICATION - 23

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com

*Attorneys for Plaintiffs and Putative Class*

*This motion contains 5,932 words in compliance with the Civil Rules.*

MOTION FOR CLASS CERTIFICATION - 24

No. 2:25-cv-01469-TL

**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, Washington 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Kyle D. Nelson, WSBA #49981
Matthew R. Kelly, WSBA #48050
Kate Bradley, WSBA #61434
Seyfarth Shaw LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104
Telephone: (206) 946-4910
Email: knelson@seyfarth.com
        mrkelly@seyfarth.com
        kkbradley@seyfarth.com

Dated this 30th day of June, 2026 at Seattle, Washington.

/s/ Jennifer Chong
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com

MOTION FOR CLASS CERTIFICATION - 25

No. 2:25-cv-01469-TL